IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-70-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DEWAYNE CORNELIUS BROWN, ) | |
| ) | |
| Defendant. ) | |

On September 16, 2008, Dewayne Cornelius Brown ("Brown") pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 16] 3; [D.E. 18]. On April 23, 2009, the court held Brown's sentencing hearing. See [D.E. 33]. At the hearing, Brown withdrew his objections to the Presentence Investigation Report ("PSR"), and the court adopted the facts contained in it. See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brown's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168–210 months. See [D.E. 33]. Pursuant to U.S.S.G. § 5K1.1, the court then granted the government's motion for a downward departure. See id. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brown to 108 months' imprisonment. See id. Brown did not appeal.

On October 29, 2014, Brown filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 35]. On November 17, 2014, the government responded in opposition. See [D.E. 36]. On August 17, 2015, Brown filed a memorandum in support. See [D.E. 38]. Brown's new advisory guideline range is 135 to 168 months' imprisonment based on a total offense level of 31 and a criminal history category of III. See Resentencing Report. Brown requests an 87-month sentence. See [D.E. 38] 1.

The court has discretion to reduce Brown's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in a serious and prolonged conspiracy to possess with the intent to distribute 500 grams or more of cocaine. See PSR ¶¶ 1–6. Furthermore, Brown possessed a firearm in furtherance of the conspiracy. See id. ¶¶ 4, 31. Moreover, while incarcerated on his federal sentence, Brown has been sanctioned for possessing a hazardous tool. See [D.E. 36] 4; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Brown also has engaged in some positive behavior while incarcerated. See [D.E. 38] 6–7.

Having reviewed the entire record and all relevant policy statements, the court finds that Brown received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Brown's sentence would threaten public safety in light of his serious criminal conduct and possession of a hazardous tool in prison. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Brown's serious criminal conduct and possession of a hazardous tool in prison do not support reducing Brown's sentence. Thus, the court denies Brown's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Brown's motion for reduction of sentence [D.E. 35] is DENIED.

SO ORDERED. This 22 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge